IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20714
Conference Calendar

_____

ROBERT LEE AUGHT,

                                        Plaintiff-Appellant,

versus

BRIAN E. KEYS; GLENDA FITZ PATRICK; D. BARN; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1080
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Robert Lee Aught, Texas prisoner # 610069, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  The district court held that Aught's complaint alleged negligent, not intentional, acts, and that the constitution was not violated by prison officials' negligent acts.  The district court did not abuse its discretion in so holding.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Allegations of negligent conduct do not

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

implicate the Constitution. <u>Salas v. Carpenter</u>, 980 F.2d 299, 306-07 (5th Cir. 1992).

On appeal, Aught attempts to get around the district court's holding by alleging for the first time that Keys came into his cell while he was asleep, assaulted him with a blow to the body, and pushed him towards the cell door, causing his hand to become trapped in the door. He states that Keys' actions were intentional. These new allegations completely change the character of his claim. Aught did not make these allegations in the district court, and they may not be raised on appeal for the first time. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 982 (2000).

We hold that Aught's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5th Cir. R. 42.2.

Aught is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]".). We caution Aught that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.